UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:09-CR-00002-TBR

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

DANNY LEE CATHEY                                                                               DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon Defendant's Motion to Suppress Evidence (Docket #14). Plaintiff has responded (Docket #17). A hearing was held on June 26, 2009. This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion to Suppress Evidence is DENIED.

## BACKGROUND

On October 14, 2008, Detective Brett Miller of the Kentucky State Police observed Defendant Danny Lee Cathey sitting in a 4-door silver Hyundai in the parking lot of the Fulton County Kentucky Courthouse. Detective Miller was familiar with Defendant through past law enforcement encounters and Defendant's association with a motorcycle gang. From the vantage point of his own police vehicle, Detective Miller observed Defendant open the trunk of the Hyundai and work on the vehicle's antenna. Detective Miller continued to watch as Defendant closed the trunk, briefly returned to the inside of the vehicle, and popped the hood. At the hood of the vehicle, Defendant held a dipstick in his hand and appeared to check the engine oil level.

Upon closing the hood, Defendant left the vehicle and walked into the courthouse. Detective Miller drove over to Defendant's vehicle, took note of the license plate, and called the police dispatcher twice to discover the registered owner of the vehicle. The dispatcher informed Detective Miller that the license plate was issued for a 1991 red, 2-door Dodge vehicle, and

registered to a known acquaintance of Defendant.

Because Defendant's vehicle was parked and not operating on the roadway, Detective Miller drove to a location away from the courthouse to wait and see whether Defendant would drive the vehicle. Shortly thereafter, Defendant drove the vehicle away from the courthouse. Upon approaching a stop sign, Detective Miller observed Defendant stop, but then drive into the intersection in such a way as to cause another vehicle to make an evasive maneuver to avoid a collision.

Detective Miller followed Defendant in his own vehicle for a short distance until he stopped Defendant at a nearby gas station. Detective Miller observed that Defendant appeared nervous, was perspiring, and had slurred speech. Detective Miller advised Defendant that he stopped him because of the improper license plate and the near collision. Because of Defendant's appearance, Detective Miller told Defendant to step out of the vehicle to perform a field sobriety test.

Hickman Police Chief Grogan and Officer Love arrived to assist Detective Miller. Defendant informed the officers that he could not perform the balance test because he had sustained recent injuries in a motorcycle collision, but he did allow Detective Miller to check his eyes, which did not indicate signs of impairment. Defendant also stated that he was taking Lortab for pain.

Detective Miller asked Defendant why he seemed so nervous and whether he had anything illegal in the vehicle. Defendant replied that he was nervous because he had been stopped and that he did not have anything illegal in the vehicle. Detective Miller asked Defendant if he could search the vehicle. Defendant responded that Detective Miller "could look

wherever he wanted to" because Defendant did not have anything to hide.  Nothing illegal was found in the search.

Detective Miller then asked Defendant if he could search the trunk.  Defendant responded affirmatively and offered to open the trunk for the officers.  Inside the trunk, Detective Miller observed an open 12-pack of Mountain Dew cans.  Inside one of the open cans was a bag containing a white crystal substance that appeared to be methamphetamine.  Detective Miller told Defendant that he was under arrest for possession of methamphetamine and handcuffed him.  Detective Miller searched Defendant and found nine hundred and thirty-seven dollars in cash and a couple of prescription pills in his pants pocket.  Detective Miller read Defendant his Miranda rights.

Detective Miller asked Defendant whether there were any more drugs in the vehicle.  Defendant responded that he did not know the vehicle contained any drugs.  Based on his prior observations at the courthouse, Detective Miller decided to search under the hood of the vehicle.  Several items were found under the hood of the vehicle, including thirteen thousands dollars in cash and three large bags containing what appeared to be methamphetamine.

Detective Miller requested that a K-9 unit from the Fulton Police Department search the vehicle for more narcotics.  A search was performed, but no additional drugs were found.  One of the officers observed what appeared to be suspicious wiring and a bomb squad was called, but no explosive devices were found.  Ultimately, Defendant received citations for improper registration and careless driving.

Defendant now moves to suppress all evidence seized and obtained as a result of the stop.

**DISCUSSION**

**I.      The Stop**

Defendant argues that the traffic stop was without probable cause, pretextual, and unreasonable. The Government responds that Detective Miller had probable cause to make the traffic stop based on the improper registration and Defendant's careless driving.

Detective Miller testified that he stopped Defendant after he discovered that Defendant was operating a motor vehicle in violation of state law requiring proper registration. *See* KRS § 186.020. "[S]o long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment." *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir.1993), *cert. denied*, 513 U.S. 828 (1994). Detective Miller also testified that he stopped Defendant after he observed him stop at a stop sign and proceed into the intersection in such a way as to cause another vehicle to have to perform an evasive maneuver to avoid colliding with his car. Defendant's careless driving in violation of KRS § 189.290 also provided sufficient probable cause for Detective Miller to effectuate the stop. *See United States v. Ervin*, 59 Fed. App'x 631, 635, 2003 WL 343268, at *3 (6th Cir. Feb. 12, 2003) (finding probable cause to stop vehicle where careless driving statute violated). For these reasons, the Court finds that the stop was lawful and not in violation of the Fourth Amendment.

**II.     Search of the Vehicle**

Following the stop, Detective Miller testified that Defendant consented to the search of the passenger compartment and trunk of the vehicle. During the hearing, Defendant offered no evidence to contradict Detective Miller's testimony that Defendant voluntarily consented to the

search of the trunk.  Therefore, the Court finds that the search of the trunk was lawful and not in violation of the Fourth Amendment.

Defendant argues that the search under the hood of the vehicle was without consent. Detective Miller testified that he did not ask Defendant's consent to search under the hood of the vehicle.  Nonetheless, the Court finds the search lawful under the automobile exception because Detective Miller had probable cause to conduct the search.

"Under the automobile exception to the warrant requirement, law enforcement officers may search a readily mobile vehicle without a warrant if they have probable cause to believe that the vehicle contains evidence of a crime." *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998) (citations omitted).  "Probable cause exists when there is a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* (citing *Smith v. Thornburg*, 136 F.3d 1070, 1074 (6th Cir.1998)).  Prior to the stop, Detective Miller had observed Defendant at the courthouse doing what appeared to maintenance to both the trunk and the under the hood of the vehicle.  Detective Miller testified that those observations, combined with Defendant's nervous behavior and the discovery of what appeared to be methamphetamine in the trunk, gave him reasonable suspicion to believe that more contraband may be located under the hood of the vehicle.  Under these circumstances, the Court finds that it was reasonable for Detective Miller to search under the hood of the vehicle.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Suppress Evidence is DENIED.

An appropriate order shall issue.