UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:09-CR-00002-TBR

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

v.

**DANNY LEE CATHEY**                                                                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant, Danny Cathey's, Motion in Limine (Docket # 38). The Plaintiff has responded (Docket #42). This matter is now ripe for adjudication. For the following reasons Defendant's Motion is DENIED.

**BACKGROUND**

On October 14, 2008, Detective Brett Miller of the Kentucky State Police observed Defendant Danny Lee Cathey sitting in a 4-door silver Hyundai in the parking lot of the Fulton County Kentucky Courthouse. Detective Miller was familiar with Defendant through past law enforcement encounters and Defendant's association with a motorcycle gang. Detective Miller took note of the license plate, and called the police dispatcher twice to discover the registered owner of the vehicle. The dispatcher informed Detective Miller that the license plate was issued for a 1991 red, 2-door Dodge vehicle, and registered to a known acquaintance of Defendant.

Shortly thereafter, Defendant drove the vehicle away from the courthouse. Upon approaching a stop sign, Detective Miller observed Defendant stop, but then drive into the intersection in such a way as to cause another vehicle to make an evasive maneuver to avoid a collision. Detective Miller followed Defendant in his own vehicle for a short distance until he stopped Defendant at a nearby gas station. Detective Miller asked Defendant if he could search the vehicle. Defendant responded that Detective Miller "could look wherever he wanted to" because

Defendant did not have anything to hide. Nothing illegal was found in the search.

Detective Miller then asked Defendant if he could search the trunk. Defendant responded affirmatively and offered to open the trunk for the officers. Inside the trunk, Detective Miller observed an open 12-pack of Mountain Dew cans. Inside one of the open cans was a bag containing a white crystal substance that appeared to be methamphetamine. Detective Miller told Defendant that he was under arrest for possession of methamphetamine and handcuffed him. Detective Miller searched Defendant and found nine hundred and thirty-seven dollars in cash and a couple of prescription pills in his pants pocket. Detective Miller read Defendant his Miranda rights.

Detective Miller asked Defendant whether there were any more drugs in the vehicle. Defendant responded that he did not know the vehicle contained any drugs. Detective Miller decided to search under the hood of the vehicle. Several items were found under the hood of the vehicle, including thirteen thousand dollars in cash and three large bags containing what appeared to be methamphetamine. Ultimately, Defendant received citations for improper registration and careless driving.

Following his arrest Defendant was interviewed at the Fulton County Detention Center by Special Agent Thielhorn, from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and Kentucky State Police Detective Miller. No attorney was present for these interviews. A search warrant was obtained for the houseboat owned by Defendant. During the search of the houseboat, ammunition and drug-related notes were seized, as well as some clothing with gang insignia. The notes were found in a pair of jeans.

Defendant has a prior criminal record. On November 2, 2006, at Harrah's Metropolis Casino, Defendant was arrested on 1993 warrant for failure to appear on a DUI charge. When searched, law

enforcement found $8,514.00, two-hundredths (0.02) of a gram of suspected methamphetamine, and ten rounds of .22 ammunition. Defendant was charged with possession of methamphetamine and possession of ammunition as a convicted felon. The drug possession charge was dismissed and Defendant plead guilty to the ammunition offense.

On June 2, 2007, Defendant was stopped by Paducah Police Department Officer Wesley Orazine for speeding while operating a motorcycle. During a search of the motorcycle several knives were seized. Two bags of methamphetamine, weighing a total of four grams, and a little over $4,000.00 in cash were removed from Defendant's person. Defendant was charged with speeding, carrying a concealed deadly weapon (misdemeanor), and first degree trafficking in a controlled substance–methamphetamine, second or subsequent offense. He plead guilty to the weapon charge and amended drug charge of first degree possession of a controlled substance–methamphetamine, second or subsequent offense. Defendant was sentenced to five years in prison on April 29, 2008.

Defendant has been charged in this case with the knowing possession of methamphetamine with the intent to distribute it and possession of firearm by a convicted felon. Defendant now moves the Court to prohibit introduction of evidence at trial related to Defendant's prior criminal felony conviction and alleged related offense conduct.

## STANDARD

Evidence of other crimes or bad acts is not admissible "to prove the character of a person in order to show action in conformity therewith," although such evidence may be admissible for other purposes, including motive, intent, and knowledge. Fed. R. Evid. 404(b). Therefore, the evidence must be probative of a material issue other than character. *United States v. Hardy*, 228 F.3d 745, 750 (6th Cir. 2000) (citing *Huddleston v. United States*, 485 U.S. 681, 686 (1988)). A three-step

process exists for determining whether other crimes, wrongs, or acts are admitted under Rule 404(b):

> First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place. The district court must then determine whether those "other acts" are admissible for a proper purpose under Rule 404(b). Finally, the district court must determine whether the "other acts" evidence is more prejudicial than probative.

*United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004). Once evidence is admitted under Rule 404(b), the Court must give a limiting instruction to the jury. *U.S. v. Bell*, 516 F.3d 432 (6th Cir. 2008).

## DISCUSSION

Defendant asserts that the other purposes for which the government intends to use Defendant's prior bad acts do not prove a fact or facts which will be at issue at trial. Defendant contends that even if the evidence of prior bad acts is admissible, the probative value of the evidence is outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403 and should be excluded. Defendant reasons that there is a high likelihood the jury would infer character in conformity with prior acts, rather than using the evidence for the purpose for which it was introduced. Defendant concludes that the evidence would likely confuse the issues and mislead the jury, even with proper admonition or limiting instruction from the Court.

The United States argues that prior felony convictions are admissible to prove an element of the charge of a felon in possession of ammunition. The United States also contends that the prior drug charges and defenses are proof to Defendant's intent, plan, knowledge, and absence of mistake or accident to knowingly possess illegal drugs. Additionally, the United States contends that the prior drug charges are probative that Defendant had knowledge of user quantities of methamphetamine, and in comparison to the quantity Defendant possessed on the date in issue, this

knowledge is probative of Defendant's intent to distribute. Finally, Defendant's prior charge of possession of ammunition by a felon is probative that the location of the ammunition discovered on the houseboat in this case was not a mistake or accident.

Defendant stated in his motion he is willing to stipulate to the following:

> He is a previously convicted felon; [h]e cannot refute the conclusion of the government's firearms/ammunition expert that the two .410 shotgun shells previously traveled in interstate commerce because was manufactured at a location outside the Commonwealth of Kentucky; [h]e cannot refute the conclusion of the government's forensic chemist expert that the drug seized from the automobile by Detective Miller tested positive for methamphetamine; and [h]e cannot refute the opinion of the government's forensic chemist expert or any reasonably qualified other witness, e.g., law enforcement officer, that the quantity of methamphetamine seized from the automobile by Detective Miller was more than for personal use.

The Court believes it can better resolve this issue at trial. At that time, the Court will know what stipulations are agreed to by the parties and the exact wording of those stipulations. Also the Court will be able to evaluate the relevance of the evidence and perform a more complete Federal Rules of Evidence 404(b) and 403 analysis. It appears there is sufficient evidence that the other acts took place. At trial, the Court can examine whether these acts are admissible for a proper purpose and determine whether the evidence is more prejudicial than probative. In addition, the felony convictions may be admissible as to the issue of credibility if defendant testifies. The United States will first approach the Court before mentioning or entering the alleged offense conduct for the two referenced prior felony convictions and the nature of those felony convictions.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED the Defendant's Motion in Limine is DENIED.